**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RONALD SCHLEY,

       Plaintiff,

v.                                                     Case No:   6:23-cv-1886-CEM-LHP

NATIONAL GENERAL INSURANCE
COMPANY,

       Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT (Doc. No. 21)
>
> **FILED:** February 13, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Upon review of the motion, the undersigned finds several outstanding issues preclude the Court from ruling on the motion, such that the motion shall be denied without prejudice, with leave to refile within 21 days of the date of this Order.

First, the motion fails to comply with the typography requirements of Local Rule 1.08. Second, the motion does not contain a memorandum of law as required by Local Rule 3.01(a). A party is not entitled to a default judgment merely because a Clerk's default has been entered. Instead, the Court must ensure that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Given the lack of a memorandum of law, Plaintiff's motion does not explain what jurisdiction's law applies to the single claim in the Complaint, does not provide the elements for a prima facie case for the claim, and does not explain how the allegations from the amended complaint satisfy each element of the claim. Thus, the undersigned is unable to ascertain whether the well-pleaded factual allegations of the amended complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). *See also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) ("Entry of default judgment is only warranted when there is a sufficient basis in the pleadings

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

for the judgment entered.") (citations omitted).[2]   Moreover, Plaintiff's motion does not establish, or even discuss, Plaintiff's entitlement to damages, nor provide any evidence sufficient to calculate any such award if entitlement was established.  *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985); *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).

Accordingly, Plaintiff's Motion for Entry of Default Final Judgment (Doc. No. 21) is **DENIED without prejudice**.  A renewed motion for default judgment, which shall be filed within **twenty-one (21)** days from the date of this Order, must be supported by a memorandum of legal authority setting forth the elements of Plaintiff's cause of action asserted and demonstrating how the well-pleaded allegations of the complaint establish each of the elements of the claim for which Plaintiff seeks default judgment.  In addition, to the extent Plaintiff is seeking damages, the renewed motion must also contain argument — with citation to legal authority — establishing Plaintiff's entitlement to damages, as well as evidence supporting any damages calculations.  This includes legal argument establishing

---

[2] "Although Rule 55 (b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment."  *Estes Express Lines v. Coverlex, Inc.*, Case No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (*citing Color Events, BV v. Multi Talent Agency, Inc.*, Case No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)).

entitlement to attorney's fees and costs, using the appropriate jurisdiction's law to support an award of fees and costs.   If Plaintiff is unable to provide such argument and evidence in support of damages, Plaintiff should explain as much and request an evidentiary hearing.

**DONE** and **ORDERED** in Orlando, Florida on February 29, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties